**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

STEPHEN W. LONG and CARI ANN LONG,                )
                                                  )
        Plaintiffs,                              )
                                                  )
        v.                                       )    3:09-cv-77-RCJ-VPC
                                                  )
NATIONAL DEFAULT SERVICING                        )    **ORDER**
CORPORATION, an Arizona corporation,              )
                                                  )
        Defendant.                               )
                                                  )
_____

Currently before the Court is a Motion for Partial Summary Judgment (#37) filed by Plaintiffs Stephen W. Long and Cari Ann Long (collectively referred to herein as "Plaintiffs") on December 7, 2009. Defendant National Default Servicing Corporation ("National Default") filed an Opposition (#57) on May 3, 2010, and Plaintiffs filed a Reply (#58) on May 10, 2010.

The Court heard oral argument on the matter on August 2, 2010.

**BACKGROUND**

This case involves a claim for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

On January 12, 2006, Plaintiffs executed a note secured by a deed of trust on a piece of property located at 6617 Eastridge Drive, Reno, Nevada. The lender on the deed of trust was First Horizon Home Loan Corporation ("First Horizon"). The trustee was Ticor Title.

On June 1, 2008, Plaintiffs defaulted on their mortgage payments. On September 15, 2008, a notice of default and election to sell was filed in the Washoe County Recorder's office by Chicago Default Services. Chicago Default Services was acting as an agent for National

Default which, in turn, was acting as an agent for America's Servicing Corporation. According to the Complaint, America's Servicing Corporation is a fictitious name registered and used by Wells Fargo Home Mortgage, Inc. ("Wells Fargo").

On December 22, 2008, First Horizon executed a corporate assignment of the deed of trust to U.S. Bank National Association ("U.S. Bank"). The assignment was filed with the Washoe County Recorder's office on January 7, 2009. On December 29, 2008, U.S. Bank executed a substitution of trustee naming National Default as the trustee in place of Ticor Title. This substitution was filed on January 7, 2009. In addition, on January 7, 2009, National Default filed a notice of trustee's sale in the Washoe County Recorder's office. During this time, Plaintiffs failed to make any mortgage payments or to cure their default.

On February 9, 2009, a trustee's deed upon sale was recorded listing U.S. Bank as the owner of the property. On February 11, 2009, Plaintiffs filed the present lawsuit. Now before the Court is Plaintiffs' motion for partial summary judgment against National Default. According to Plaintiffs, National Default is liable for violating the FDCPA because it is a debt collector under that act and failed to provide notice allegedly required by the FDCPA during the foreclosure proceedings on the subject property.

**DISCUSSION**

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2). A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the differing versions of the truth. Lynn v. Sheet Metal Workers' Int'l Ass'n, 804 F.2d 1472, 1483 (9th Cir. 1986). The burden of demonstrating the absence of a genuine issue of material fact lies with the moving party, and for this purpose, the material lodged by the moving party must be viewed in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Martinez v. City of Los Angeles, 141 F.3d 1373, 1378 (9th Cir. 1998).

///

2

Any dispute regarding a material issue of fact must be genuine—the evidence must be such that "a reasonable jury could return a verdict for the nonmoving party." Id. Thus, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial'" and summary judgment is proper. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "A mere scintilla of evidence will not do, for a jury is permitted to draw only those inferences of which the evidence is reasonably susceptible; it may not resort to speculation." British Airways Board v. Boeing Co., 585 F.2d 946, 952 (9th Cir. 1978). The evidence must be significantly probative, and cannot be merely colorable. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). Conclusory allegations that are unsupported by factual data cannot defeat a motion for summary judgment. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

In their motion for partial summary judgment against National Default, Plaintiffs are seeking a judgment that National Default is a debt collector under the FDCPA and that National Default violated the FDCPA by failing to send the notices required by 15 U.S.C. § 1692g(a)(1)-(5).[1] (Motion for Partial Summary Judgment (#37) at 1-2). According to Plaintiff, National Default is subject to the FDCPA because it is a "debt collector" under that act. Plaintiffs allege that National Default qualifies as a debt collector because "two of its officers are lawyers who regularly engage in collection activities," and "the Notice of Default contains a statement that a specific amount of money is past due." Id. at 3. In addition, Plaintiffs assert that National Default violated the FDCPA by failing to provide Plaintiffs with the notices mandated by 15 U.S.C. § 1692g(a)(1)-(5) in its initial communication with

---

[1] 15 U.S.C. § 1692g(a) provides that within "five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication" send the consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt is disputed, the debt collector will obtain verification of the debt and mail such verification to the consumer; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a)(1)-(5).

3

Plaintiffs. Id. at 7. As a result of this alleged violation, Plaintiffs seek an order finding that National Default violated the FDCPA, and request that the matter proceed to trial in order to ascertain the statutory damages, actual damages and a reasonable attorney's fee. Id. at 10.

In response, National Default argues that Plaintiffs have failed to show that it is a debt collector as defined by the FDCPA. (Opposition to Motion for Partial Summary Judgment (#57) at 5). According to National Default, Plaintiffs improperly rely on the conduct of two of National Default's officers to impute the status of debt collector on National Default. Specifically, National Default states that Plaintiffs improperly allege that National Default qualifies as a debt collector because two of its officers are attorneys who work in a private law firm that handle default loans for lenders, foreclosure proceedings, bankruptcy proceedings, work outs and receiverships. Id. at 5. National Default states that Plaintiffs "have made quite a leap from two individuals allegedly acting as attorneys in a firm that sometimes handles defaulted loans for lenders to the ultimate legal conclusion that [National Default] is a debt collector as defined by the FDCPA." Id. at 6. Notably, National Default states that neither of the two attorney officers are parties to this lawsuit and further that their actions are not implicated in this matter.

In addition, National Default argues that it was not involved in the process of "debt collection" as that term is defined in the FDCPA. National Default argues that "[b]y serving and recording the notice of default and notice of sale, [National Default] did not demand that Plaintiffs make any payment to reinstate their loan. Instead [National Default] acted merely to enforce a security instrument, and such conduct does not constitute debt collection." Id. at 8. Because National Default was engaged in a non-judicial foreclosure on Plaintiffs' property, National Default argues that the FDCPA does not apply.

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). In furtherance of this purpose, the FDCPA requires and prohibits certain activities by debt collectors that are

4

done "in connection with the collection of any debt." 15 U.S.C. §§ 1692c (prohibiting certain communications), 1692d (prohibiting harassment or abuse), 1692e (prohibiting false or misleading representations), 1692f (prohibiting unfair practices), 1692g (requiring validation of debts). The FDCPA subjects a debt collector to civil liability for failure to comply with any of its provisions. See 15 U.S.C. 1692k(a).

The prohibitions of the FDCPA apply only to "debt collectors." Under the FDCPA, a debt collector is defined as any person who uses "any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 16 U.S.C. § 1692a(6). "For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." Id. Section 1692f(6), referenced in this definition, prohibits a debt collector from taking or threatening to take "nonjudicial action to effect dispossession or disablement of property" if there is no present right to possession of the property claimed as collateral through an enforceable security interest, if there is no present intention to take possession of the property, or if the property is exempt by law from such dispossession or disablement. 15 U.S.C. § 1692f(6).

Under the cited definition, a person whose principal purpose is the enforcement of security interests is a "debt collector" for the purpose of section 1692f(6) only; the person is not subject to the rest of the FDCPA unless the person also fits section 1692a(6)'s general definition of a debt collector. Kaltenbach v. Richards, 464 F.3d 524, 527 (5th Cir. 2006)(recognizing "distinction between general debt collection and enforcement of a security interest," and observing that "[b]y the plain language of [section 1692a(6)], . . . a person whose business has the principal purpose of enforcing security interests but who does not otherwise satisfy the definition of a debt collector is subject only to section 1692f(6)); see also Fouche v. Shapiro & Massey, 575 F.Supp.2d 776, 783 (S.D. Miss. 2008); Gray v. Four Oak Court, 580 F.Supp.2d 883, 887 (D.Minn. 2008)(stating that the FDCPA's definition of

5

"debt collector" clearly reflects Congress's intent to distinguish between "the collection of any debts" and "the enforcement of security interests").

In this case, in order to be liable for violating the provisions of 15 U.S.C. § 1692g(a)(1)-(5), National Default must qualify as a "debt collector" under the general debt collector provision of the FDCPA because section 1692g does not apply to a debt collector engaged only in the enforcement of security interests. However, Plaintiffs have failed to either assert or establish that the "principal purpose" of National Default's business "is the collection of any debts," rather than the enforcement of security interests.

In this matter, the Court finds that National Default does not fall within the general provisions of the definition of a debt collector. As noted in the foregoing, Plaintiffs assert that National Default is a "debt collector" because the Notice of Default filed against their property stated that a specific amount of money was past due, and also because two officers of National Default are attorneys whose law firm practices in the area of bankruptcy and foreclosure. Plaintiffs have provided no other evidence of National Default's security enforcement or debt collection practices. The only evidence provided by Plaintiffs indicates that National Default was substituted as the trustee on their deed of trust and participated in the non-judicial foreclosure on Plaintiffs' property. This evidence supports a claim that National Default was a debt collector engaged in the "enforcement of security interests" and thus only subject to the requirements of 15 U.S.C. §1692f(6) under the FDCPA. Because the evidence fails to show that National Default's principal purpose was the "collection of any debts" the Court cannot grant Plaintiffs' request for summary judgment on this issue.[2] Moreover, in light of the foregoing, the FDCPA claim asserted against National Default is dismissed. Plaintiffs have failed to assert a claim upon which relief can be granted that National Default violated the provisions of the FDCPA by participating in a non-judicial foreclosure on Plaintiffs' property.

---

[2] In addition, the Court notes that this case involves a non-judicial foreclosure proceeding which is governed by Nevada law. NRS § 107.080 provides the notice requirements that must be followed for a non-judicial foreclosure sale to be valid. That statute does not reference the FDCPA or require that a beneficiary or trustee engaged in foreclosure follow the requirements of the FDCPA.

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Plaintiffs' Motion for Partial Summary Judgment (#37) is DENIED.  IT IS FURTHER ORDERED that the FDCPA claim asserted against National Default is dismissed.

DATED: This 11th day of August, 2010.

_____
United States District Judge